IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH E. CRUM, § § Plaintiff, § § v. § § WMC MORTGAGE CORPORATION, *et al.*, § § Defendants. § § § § § | Civil Action No. 3:11-CV-2029-N |

## **ORDER**

This Order addresses Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc.,[1] HSBC Bank USA, N.A., Bank of America, N.A., and Merrill Lynch Mortgage Lending, Inc.'s (collectively "Defendants") motion for summary judgment [Doc. 29]. The Court grants the motion.

### I. THE PARTIES' DISPUTE OVER CRUM'S PROPERTY

#### *A. The WMC Loan and the Assignments of the Deed of Trust*

This case arises out of an anticipated foreclosure sale of Plaintiff Kenneth E. Crum's house (the "Property"). Crum financed his purchase of the Property in 1997 with a loan secured by a deed of trust given to Aegis Mortgage Corporation ("Aegis"). He refinanced that loan in 2003 by giving a promissory note to New Century Mortgage Corporation ("New Century"). Crum has repaid both of these loans, and Aegis and New Century have released

---

[1]After this lawsuit began, MERSCORP, Inc. changed its name to MERSCORP Holdings, Inc.

ORDER – PAGE 1

their liens. Crum refinanced again in 2004, this time taking out a loan from WMC Mortgage Corporation ("WMC"). This third loan (the "WMC Loan") is the one at issue in this case. In conjunction with the WMC Loan, WMC filed a security instrument (the "Deed of Trust" or "Deed") naming WMC as the lender and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and "nominee for Lender and Lender's successors and assigns" with respect to the WMC Loan. App. to Def.'s Br. in Supp. of Summ. J., Ex. 2-A [hereinafter Def.'s App.] [29-2]. The Deed of Trust was assigned twice on July 6, 2009. MERS, as nominee for WMC, assigned the Deed to Defendant Merrill Lynch Mortgage Lending, Inc. ("Merrill Lynch"). Def.'s App. Ex. 5. Merrill Lynch assigned the Deed to Defendant HSBC Bank USA, N.A. ("HSBC"). *Id.* Ex. 6. The clerk filed the two assignments (collectively "2009 Assignments") within nine minutes of one another, but he or she filed them in the wrong order; that is, the Merrill Lynch-to-HSBC assignment was filed prior to the MERS-to-Merrill Lynch assignment.

Plaintiff subsequently defaulted on the terms of his home mortgage loan, and HSBC filed a state-court action seeking foreclosure under Texas Rule of Civil Procedure 736. The state court permitted HSBC to proceed with foreclosure. On July 4, 2011, before the foreclosure sale occurred, Crum filed this action in state court, contending that HSBC lacks standing to foreclose. His petition asserts five causes of action: (1) quiet title, (2) declaratory judgment, (3) violation of the Texas Debt Collections Act ("TDCA"), (4) violation of the Texas Deceptive Trade Practices Act ("DTPA"), and (5) negligence. Defendants, after removing the case to this Court, moved to dismiss Crum's petition. The Court dismissed

Crum's DTPA and negligence claims [23]. Defendants now move for summary judgment as to Crum's remaining causes of action: his quiet title, declaratory judgment, and DCPA claims.

### B. Crum's Deemed Admissions

During discovery, Defendant Bank of America, N.A. ("Bank of America") served Crum with written discovery requests, including requests for admission. Def.'s App., Ex. 2. Crum did not respond or object to these requests by the stipulated deadline and, to the Court's knowledge, has never done so. Crum does not dispute this factual record. Where a party does not respond to a request for admission, the court treats the request as admitted as a matter of law. FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* 36(b). As Crum has made no such motion, the Court deems each requested admission to be conclusively established. Deemed admissions may form the basis for summary judgment. *Ryan v. City of Fort Worth, Tex.*, No. 4:07-CV-310-A, 2009 WL 577284, at *4 (N.D. Tex. Mar. 5, 2009) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)); *see also, e.g.*, *Armour v. Knowles*, 512 F.3d 147, 154-56 (5th Cir. 2007) (affirming district court's grant of summary judgment in part based on party's deemed admissions).

Given Crum's failure to respond to the requests, the Court deems him to have admitted each of the following five statements:

     1.  Crum executed a note and the Deed of Trust on July 7, 2004, granting a first lien security interest in the Property.  *See* Def's App. Ex. 2, at 10-11.

     2.  Prior to the filing of this lawsuit, Crum's loan was in default as a result of his failure to make all of the payments then due and owing.  *See id.* at 13.

     3.  HSBC was a mortgagee of the Deed of Trust at the time this suit was filed.  *See id.* at 11.

     4.  Defendants did not (i) use any deceptive means to collect a debt; (ii) misrepresent the character, extent, or amount of the WMC Loan; (iii) collect or attempt to collect interest or a charge, fee, or expense incidental to the WMC Loan that was not expressly authorized by the WMC Loan documents or legally chargeable to Crum; or (iv) threaten to take an action prohibited by law.  *See id.* at 22-25.

     5.  Crum has not been damaged by any of Defendants' acts or omissions.  *See id.* at 9.

## II.  SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of

the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL OF CRUM'S REMAINING CLAIMS

#### A. *Crum's Quiet Title Claim Fails Because HSBC's Claim to the Property is Valid*

The principal issue in a quiet title action is "the existence of a cloud that equity will remove." *Metcalf v. Deutsche Bank Nat. Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *6 (N.D. Tex. June 26, 2012) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.)). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). If a plaintiff prevails in a quiet title action, the Court declares invalid or ineffective the defendant's claim to title. *Id.* A plaintiff in a quiet title claim must prove that (1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable. *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-cv-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). In a quiet title action, a plaintiff can only recover on the strength of his or her own title, not the weakness of any defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App. – Corpus Christi 1984, writ ref'd n.r.e.)).

Crum's quiet title claim fails because of the third element. The record reveals no claims that, though facially valid, are invalid or unenforceable. Crum asserts that the 2009 Assignments cloud his title, but the evidence in the record, including Crum's deemed admissions, proves otherwise.[2]

***1. Crum Has Standing to Challenge the 2009 Assignments. –*** As an initial matter, Defendants contend that Crum does not have standing to challenge the 2009 Assignments because he was not a party to those assignments. Defendants cite ten cases for this proposition.[3] The cases are all federal, however, and they point to no Texas state law. As this Court has previously noted,

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of

---

[2]The previous liens to Aegis and New Century do not cloud his title, as both have been satisfied and released. *See* Def.'s App., Exs. 3-4.

[3]*Hazzard v. Bank of Am. NA*, No. C-12-127, 2012 WL 2339313, at *3 (S.D. Tex. June 19, 2012); *Garrett v. HSBC Bank USA, N.A.*, No. 3:12-CV-0012-D, 2012 WL 1658796, at *2 (N.D. Tex. May 11, 2012); *Woods v. Bank of Am., N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012); *James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012); *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, at *2-3 (N.D. Tex. Nov. 28, 2011); *Adams v. Bank of Am.*, No. 4:10-CV-709, 2011 WL 5080217, at *4 (E.D. Tex. Oct. 26, 2011), *aff'd*, 475 F. App'x 526 (5th Cir. 2012) (unpub.); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011); *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, at *5 (E.D. Tex. Apr. 28, 2011), *report and recommendation adopted*, No. 4:10-CV-504, 2011 WL 2183844 (E.D. Tex. June 6, 2011); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).

assignment is to insure himself that he will not have to pay the same claim twice. *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (quoting *Kramer v. Fed. Nat'l Mortg. Ass'n*, No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012); *accord Miller v. Homecomings Fin., LLC*, No. 4:11-CV-04416, 2012 WL 3206237, at *5 (S.D. Tex. Aug. 8, 2012) ("Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid.") (citing *Tri-Cities Const., Inc. v. American Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. – Houston [1st Dist.] 1975, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App. – San Antonio 1959, writ ref'd n.r.e.)). As the *Glass* court observed, "a debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment, *any matters rendering the assignment absolutely invalid or ineffective*, and the lack of plaintiff's title or right to sue" 330 S.W.2d at 537 (quoting 6 C.J.S. *Assignments* § 132 [no ed. given])[4] (emphasis added). And, as the *Miller* court recognized, "Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." 2012 WL 3206237, at *5 (citing *Martin v. New Century Mortgage Co.*, No. 01-11-00792-CV, 2012 WL 2529251 (Tex. App. – Houston [1st Dist.] June 14, 2012, no pet.); *Austin v. Countrywide Home Loans*, 261 S.W.3d 68 (Tex. App. – Houston [1st Dist.] 2008, pet denied); *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App. – Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone*, 99 S.W.3d 263 (Tex. App. – Eastland 2003, no pet.);

---

[4]This text appears unaltered in the current edition of Corpus Jurus Secundum. *See* 6A C.J.S. *Assignments* § 132.

*Priesmeyer v. Pac. Sw. Bank, F.S.B.*, 917 S.W.2d 937 (Tex. App. – Austin 1996, no writ)). In short, Crum has standing to assert that the 2009 Assignments are *void*, but he lacks standing to assert that they are *voidable*. Accordingly, because Crum asserts against Defendants two grounds allegedly rendering the 2009 Assignments are void, he has standing to bring these claims.

    *2. The Recordation of the 2009 Assignments in the Wrong Order Does Not Result in a Cloud on Crum's Title. –* Crum contends that, because the 2009 Assignments were recorded in the wrong order, the Merrill Lynch-to-HSBC assignment is invalid. This argument is unavailing. The recordation of an assignment puts third parties on notice of the assignment, but the recordation itself does not affect the validity of the transfer of interest. This proposition is generally true of recordation of other documents related to real property. *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) ("Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments.") (citing *Denson v. First Bank & Trust of Cleveland*, 728 S.W.2d 876, 877 (Tex. App. – Beaumont 1987, no writ); *Shaw v. Jackson*, 227 S.W. 520, 522 (Tex. Civ. App. – Beaumont 1920, no writ)). The order in which the 2009 Assignments were recorded, then, has no effect on the validity of the assignments themselves and cannot be used to create a dispute of material fact as to their effectiveness. *Accord Robeson v. Mortgage Elec. Registration Sys., Inc.*, No. 02-10-00227-CV, 2012 WL 42965, at *5 (Tex. App. – Fort Worth Jan. 5, 2012, pet. filed) (mem. op.) (holding that date of recordation of assignment "is not evidence of the

actual date that [the assignee] became entitled to authorize enforcement of the lender's rights in the deed of trust" and does not "raise a fact issue as to the actual date [the lender]'s interests in the note and deed of trust were transferred to [the assignee]").[5]

### 3. The Assignment from MERS to Merrill Lynch Was Valid.

– Crum also asserts that MERS was not authorized to assign the Deed of Trust, but the evidence in the record proves otherwise. The Deed names MERS as WMC's beneficiary and nominee. Def.'s App., Ex. 2-A. As beneficiary, MERS's powers included the rights to foreclose and to sell the Property. *Id.* MERS executed an assignment in which it assigned its interest – including the right to foreclose and sell – to Merrill Lynch. *Id.*, Ex. 6. Courts have consistently found, under similar circumstances to these, that MERS had not only the right to foreclose but also the ability to assign that right. *E.g.*, *Wigginton v. Bank of N.Y. Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011), *aff'd*, No. 12-10136, 2012 WL 4053793 (5th Cir. Sept. 14, 2012) ("[T]he deed of trust, on its face, grants MERS a right to foreclose upon Wigginton's default, a right Mellon acquired vis-á-vis MERS' transfer of its interest."); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding that "MERS was given the authority to transfer the documents in the Deed of Trust" when deed so stated); *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (citing *Athey v. MERS*,

---

[5] In his petition, Crum also asserts that HSBC's appointment of a substitute trustee occurred on June 12, 2009, several weeks prior to the date the 2009 Assignments were recorded. To the extent Crum continues to assert this contention, it fails for the reasons set out above: the date the 2009 Assignments were recorded is not evidence of the date of their effectiveness.

314 S.W.3d 161, 166 (Tex. App. – Eastland 2010, pet. denied)) ("Under Texas law, where a deed of trust . . . expressly provides for MERS to have the power of sale, then MERS has the power of sale. . . . MERS had the authority to transfer the rights and interests in the Deed of Trust to [the assignee]."). In line with these cases, the Court finds that the Deed of Trust gives MERS the right to foreclose on the Property and the ability to assign that right. MERS validly exercised this ability when it assigned its interest to Merrill Lynch.

Because the recordation of the 2009 Assignments does not cloud Crum's title, and because MERS's assignment of the Deed was valid, no rational jury could return a verdict in Crum's favor on his quiet title claim. Defendants are thus entitled to summary judgment as to this cause of action.

### B. Crum's TDCA Claim Fails Because of His Deemed Admissions

Crum alleges that Defendants violated the TDCA in four ways: by (1) using a deceptive means to collect a debt, *see* TEX. FIN. CODE § 392.304(a)(19); (2) misrepresenting the character, extent, or amount of a consumer debt, *see id.* § 392.304(a)(8); (3) collecting or attempting to collect interest or a charge, fee, or expense incidental to the WMC Loan and not expressly authorized by the loan's terms, *see id.* § 392.303(a)(2); and (4) threatening to take an action prohibited by law, *see id.* § 392.301(a)(8). The Court, however, deems Crum to have admitted facts undermining each of his TDCA claims. Specifically, he admits that Defendants did not (1) use any deceptive means to collect a debt; (2) misrepresent the character, extent, or amount of the WMC Loan; (3) collect or attempt to collect interest or a charge, fee, or expense incidental to the WMC Loan, which was not expressly authorized

ORDER – PAGE 11

by the WMC Loan documents or legally chargeable to Crum; or (4) threaten to take an action prohibited by law. *See* Def.'s App., Ex. 2 at 22-25. Furthermore, he admits that none of Defendants' actions or omissions damaged him. *See id.* at 9. Based on the evidence in the record, there is thus no genuine dispute as to any material fact regarding Defendants' alleged TDCA violations, and Defendants are entitled to summary judgment as to these claims.

### C. Without a Justiciable Controversy, Crum Is Not Entitled to Declaratory Relief

Crum also seeks declaratory relief. The Declaratory Judgment Act ("DJA")[6] is a procedural device: it creates no substantive rights and requires the existence of a justiciable controversy. *Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). "Thus, the Act provides no relief unless there is a justiciable controversy between the parties."[7] *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); *Turner*, 2011 WL 3606688, at *5 (explaining that DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive

---

[6] Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the DJA. *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, No. No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, No. EP-10-CV-417-KC, 2011 WL 1327397, at *4 n.1 (W.D. Tex. Apr. 5, 2011); *i2 Techs. US, Inc. v. Lanell*, No. 3:02-CV-0134-G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (collecting cases).

[7] The Texas Uniform Declaratory Judgment Act, under which Plaintiffs initially pled, is the same in this regard. *See, e.g.*, *Chambers Cty. v. TSP Dev., Ltd.*, 63 S.W.3d 835, 840 (Tex. App. – Houston [14th Dist.] 2001, pet. denied).

law"); *see Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).[8]  Because the Court grants Defendants summary judgment as to each of Crum's underlying causes of action, no actual controversy between the parties regarding any of these claims remains.  There is thus no evidence in the record creating a genuine dispute as to any material fact regarding whether Crum is entitled to declaratory relief.  Defendants are accordingly entitled to summary judgment on this claim, too.

## CONCLUSION

For the reasons set out above, the evidence in the record reveals that Crum cannot, as a matter of law, succeed on any of his claims.  The Court accordingly grants Defendants' motion for summary judgment.

Signed November 14, 2012.

_____
David C. Godbey
United States District Judge

---

[8] Federal Courts have broad discretion to grant or refuse a request for declaratory judgment. *Kazmi*, 2012 WL 629440, at *14 (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

ORDER – PAGE 13